IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **REGINA WHITE,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   CIVIL ACTION NO. 09-cv-00286-WS-N |
| | * |
| **THYSSENKRUPP STEEL USA, LLC,** | * |
| | * |
| **Defendant.** | * |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ATTENDANCE FOR DEPOSTION PURPOSES AND FOR SANCTIONS FOR DEFENDENT'S FAILURE TO APPEAR AT A DULY NOTICED DEPOSITION

On October 8, 2009, plaintiff began working with defendant to schedule depositions in this case. Since that time, defendant has thwarted all of plaintiff's attempts to coordinate dates for the taking of depositions. Whether it be a miscommunication between defendant and its counsel, the demands of defense counsel's travel schedule, or even alleged communication failures between counsel for defendant and plaintiff, defendant has proffered just about every reason and excuse known to the American trial bar to scuttle depositions either tentatively set or duly noticed.

Plaintiff has made at least three formal attempts to depose defendant's Rule 30(b)(6) representative with Notices actually being served upon defendant. On the last occasion, December 1, 2009, defendant simply refused to appear for the scheduled deposition. (See Doc. #26). Defendant's excuses for not appearing have run the gamut from, "we never agreed that we would make those witnesses available on December 1,"[1] to defendant's counsel's assertion that "…on Tuesday, November 24, 2009, two days before Thanksgiving, you sent out the

---

[1] Each time the Rule 30(b)(6) representative was noticed, two other employees were noticed as well.

1

foregoing deposition notices without confirming that counsel and those witnesses would be available on those dates."

Counsel is correct that December 1, was not confirmed by defendant and that is precisely the reason for this motion. As far back as **November 9**, when defendant sent plaintiff an e-mail message canceling its November 12 deposition of plaintiff and requesting that the deposition be rescheduled for **November 30 or December 1-2,** defendant implied that these dates were good for counsel for defendant.[2] (Exhibit J). And further, from November 18 through November 29, defendant would not confirm the proposed dates, and simply kept the scheduling process in a tentative state for three full weeks, despite repeated request for alternative dates if November 30 was not good for the depositions. Defendant's varied responses during this period was "I have a call in to check the schedules of the Thyssenkrupp folks,"(Nov. 18 at 10:03am), "let me check on the deponents availability… and let you know asap," (Nov 18 at 1:05), and, "I just sent…a new request for dates. I told him that I need to know by Monday."(11-21 at 12:37).

Each of these statements were made more than a full week prior to the scheduled depositions, which was very consistent with defendant's pattern of delay from the very beginning of the deposition scheduling process. In fact, a brief summary of the correspondence may provide the court some context, and illustrate the difficult position plaintiff now finds herself:

1. By e-mail dated **October 8, 2009**, defendant requested dates falling in the early part of November in which to schedule its deposition of plaintiff. (Ex. A).

2. On **October 9,** plaintiff replied to defendant's message, indicating that plaintiff could make herself available for deposition during both the weeks of November 9 and November 16, 2009. Within the same e-mail message, plaintiff requested that two

---

[2] We also now know that the two employees and the Rule 30 (b)(6) representative that plaintiff wanted to depose, were all in town on both November 30, and December 1, working in the office right along with plaintiff. (Pl. Decl.).

      consecutive deposition dates be scheduled, so that plaintiff could also take the depositions of defendant's representatives. (Ex. B)

3. Later that afternoon, defendant responded to plaintiff and indicated that its representatives could also be available during the weeks of November 9, and November 16, and that November 12 would be the likely date on which defendant took plaintiff's deposition. (Ex. C).

4. By e-mail dated October 28, plaintiff reminded defendant that it had not provided specific dates during November for the deposition of its representative and employees. Plaintiff asked that defendant get back with the dates by that Friday, October 30. (Ex. D).

5. Plaintiff did not hear back from defendant by Friday, but on **November 2**, defendant, indicating that it was still attempting to confirm a deposition schedule, sent an e-mail message inquiring whether plaintiff could be available November 23, 24, and 25 to take defendant's depositions. (Ex. E).

6. Plaintiff replied that she anticipated taking defendant's depositions on November 17 or 18, given the full **four weeks** advanced notice provided defendant, and that she would also be amenable to taking the three proposed depositions separately if defendant's employees were not all available on the same day. (Ex. F).

7. Plaintiff also voiced her concern regarding scheduling depositions on November 23 and November 24, given the December discovery deadline in this case, and the increased difficulty of scheduling depositions during the holiday season. (Ex. G).

8. On the afternoon of **November 3**, after receiving no response from defendant, plaintiff served defendant with deposition notices for November 18, for Eileen O'Brien and Janet Robinson. (Ex. H).

9. On **November 6**, after having received no response from defendant for four days, plaintiff sent defendant a deposition notice for November 18, for defendant's Rule 30(b)(6) representative. (Ex. I). Plaintiff subsequently filed a notice of discovery service with the court. (Ct. Doc #22).

10. Three days later, on **November 9**, defendant **canceled** its November 12 deposition of plaintiff and requested that the deposition be rescheduled for **November 30 or December 1-2**. (Ex. J). Also, during a telephone conference, defendant requested that plaintiff reschedule her depositions of defendant from November 18 to November 17. Plaintiff **agreed** and immediately issued amended deposition notices for November 17. (Ex. K-2).

11. Defendant gave notice of plaintiff's rescheduled deposition on **November 12**, scheduling her for **December 1.** (Ct. Doc. #23).

12. On **November 16, 2009**, the day before the scheduled deposition of defendant's 30(b)(6) representative, defendant e-mailed a letter to plaintiff **unilaterally** canceling

all depositions, which had been set at defendant's specific request for **November 17**, stating in pertinent part:

> "As my voice mail stated and with sincere apologies for the inconvenience, we need to move the depositions that you and Brad set for the November 17. I realize that this move is inconvenient and I truly do apologize for having to make this change... It is not my intention to be difficult. I know we have not worked together before, but my philosophy is always to be reasonable and professional, and to avoid unnecessary hassle and attorneys' fees that arise from uncooperative lawyers. I will work with you to re-schedule the depositions in the White case and to ensure that they are done in a timely manner…" (Ex. L).

Plaintiff responded to defendant's letter, expressing her concern that defendant's practice of repeatedly rescheduling noticed depositions prejudiced plaintiff and threatened to adversely affect the discovery period in this case:

> Gavin:
> I have your letter of today's date regarding the depositions now scheduled for tomorrow, and your request that they be rescheduled. I am not in a position to agree to your request, and it has nothing to do with being uncooperative, it has more to do with representing your client effectively. We have been discussing depositions since August, and plaintiff has agreed to at least two prior requests for rescheduling of dates that had been indicated as convenient for all parties. Also, the court usually frowns upon request for additional time when the record may appear that the parties have not made efficient use of the time previously provided for discovery. Therefore, I cannot agree to a rescheduling, and I cannot join in a motion for a 30-day extension of discovery. I will say, however, that I will not opposed such a motion as long as plaintiff is allowed to complete her scheduled depositions first, just as she would if we moved forward on tomorrow. Please advise as to how you wish to proceed. (Ex. M).

13. Later that morning a telephone conference was held between counsel wherein it was decided that a motion to enlarge discovery would be filed, and a telephone conference attempted with the court, given the short notice.

14. Two days later, on **November 18**, the following exchange occurred between counsel:

    **Def**: "Ronnie, I have a call in to check the schedules of the Thyssenkrupp folks." (Ex. N).

    **Pl**: "Thanks, I will await further word about the 30th or **some alternate date(s)."**(Ex. O).

Later that day, hearing nothing back from defendant, the following exchange occurred:

> **Pl**: Gavin,
> I plan to re-issue my deposition notices for November 30th, one of the dates we discussed on Monday, which would avoid having to move Ms. White's deposition once again. Is that date still good for you for the three previously noticed depositions by plaintiff? Please advise right away. Thanks, (Ex. P).
>
> **Def**.: Ronnie, let me check on the deponents availability as well. I'm a bit Worried about it being the day after the Thanksgiving weekend, but I will Check and let you know asap. (Ex. Q).
>
> **Pl:** Gavin, if the 30th is not good for all, please go ahead and **get alternative dates**. (Ex. R).

15. Three days later, on November 21, with no explanation for the delay sent the messages of November 18, defendant's counsel is just sending a request for dates to defendant stating:

    "I just sent Andy Ritter a new request for dates. I told him that I need to know by Monday [11/23]. *I believe that 11/30 is not available* and I know I said that you could go first so I won't plan to do Ms. White's deposition on 12/1. As soon as I hear from Mr. Ritter, I will send an update." (Emphasis added). (Ex. S).

16. On **November 24**, however, having received no response from defendant regarding its representatives' availability for November 30, or any alternative dates as repeatedly requested by plaintiff, plaintiff again filed notices of deposition, scheduling all deponents for December 1, the same date defendant had previously scheduled plaintiff's deposition, and a date when all deponents were present in town and at work. (Pl. Decl.).

By e-mail sent on Sunday, November 29, and by letter dated November 30, defendant advised that "we never agreed that we would make those witnesses available on December 1…" and "…on Tuesday, November 24, 2009, two days before Thanksgiving, you sent out the foregoing deposition notices without confirming that counsel and those witnesses would be available on those dates." And the defendant advised that it would not appear, and in fact, simply refused to appear for the noticed deposition, or to seek court relief from the notice.

After nearly two months of communications with defendant regarding deposition schedules, two months of untoward delay requiring an extension of the discovery period, plaintiff has yet to conduct a single deposition in this matter. Defendant's recalcitrance in setting

5

firm deposition dates, moreover, has extended to its document production responsibilities as well.  By e-mails dated **November 19** and **November 22**, plaintiff has requested that certain personnel files be made available for her review.[3]  Acknowledging defendant's concerns regarding the security of these documents, plaintiff had proposed her review of the documents in a location of defendant's choosing.  Yet, even at this late date, defendant has failed to cooperate with plaintiff's latest attempts to coordinate discovery in this matter.

With very little time remaining in the extended discovery period, and with the possibility of follow-up depositions being needed, plaintiff can ill afford the delays occasioned by repeated rescheduling of duly noticed depositions, and half-hearted production responses.  In addition, given the volume of e-mails and telephone calls exchanged between the parties regarding this first round of depositions, as well as the court's earlier involvement in examining the need for an extension of the discovery period, the delay occasioned by defendant in completing depositions and document production in this matter has proven costly.

Plaintiff, therefore, respectfully requests that this court impose sanctions for defendant's failure to appear at a duly noticed deposition, and its unwillingness to cooperate with plaintiff in completing discovery in this case.  Further, plaintiff request an order compelling defendant's attendance at all future duly noticed depositions.[4]

      s/Ronnie L. Williams
Ronnie L. Williams (WILLR6024)
Williams & Associates, LLC
Attorneys for the Plaintiff Regina White

---

[3] These requests were made due to noticed deficiencies in defendant's responses to plaintiff's production request, and deficiencies acknowledged by defendant.

[4] Def has now provided dates in early January.  After two months of unnecessary delay, defendant has FINALLY deigned to allow plaintiff to conduct discovery in this matter.  While this may be a welcome development in this matter, the time and expense occasioned by defendant's previous pattern of delay has certainly proved the opposite."

        814 St. Francis Street
        Mobile, AL 36602
        (251) 432-6985 Telephone
        (251) 432-6987 Fax

## CERTIFICATE OF SERVICE

      The undersigned, by affixing his signature below, certifies that he has served a copy of this Notice of Discovery Service on counsel for the Defendant by use of the Court's Electronic Filing system, on this 10th day of December 2009, as follows:

R.Bradley Adam
radams@littler.com

        _s/Ronnie L. Williams_____