IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

REGINA WHITE, *
 *
    Plaintiff, *
v. * CIVIL ACTION NO: 09-286-WS-N
 *
THYSSENKRUPP STEEL USA , LLC *
 *
    Defendant. *

PLAINTIFF'S SECOND MOTION FOR SANCTIONS AGAINST THE DEFENDANT AND/OR DEFENDANT'S COUNSEL FOR FAILURE TO COOPERATE IN DISCOVERY

Pursuant to Fed.R.Civ.P. 37; 28 U.S.C. § 1927; and this court's inherent authority to sanction abusive discovery practices, Plaintiff files this second motion for sanctions against the defendant due to its counsel's continuing discovery abuses and misrepresentations to plaintiff and to this court.1

Plaintiff hereby certifies that she has made an attempt to resolve this dispute informally with the defendant, to no avail. Plaintiff sent defendant a letter on January 29, 2010, raising the issues in this motion, and seeking an agreement for

---

1 Plaintiff's first motion filed on December 10, 2009, was prompted by the defendant's failure to cooperate in discovery in this case by refusing to sit for deposition despite varied attempts on the part of plaintiff to schedule defendant's Rule 30(b)(6) representative and other employee-witnesses critical to the prosecution of this case. Plaintiff also complained in her motion that defendant was engaging in gamesmanship in the production of requested documents critical to plaintiff's preparation for the depositions of certain key witnesses. Defendant would delay discovery and the preparation for depositions by repeatedly claiming an "inadvertent" failure to produce all documents duly requested. Plaintiff stated in her initial motion for sanctions that defendant's recalcitrance in setting firm deposition dates had also extended to its document production responsibilities as well. (First Motion at pg. 6).

1

defendant to bear the expense of follow-up depositions made necessary by defendant's failure to produce repeatedly requested documents.2 This request fell on deaf ears in that defendant's response contained nothing more than immaterial rhetoric, but stating no specific reason why defendant should not bear the cost of the repeat depositions. (See Exhibit A & B).

On January 25, 2010, during a document review conducted by plaintiff at the offices of defense counsel, plaintiff identified at least twenty (20) pages of previously un-produced personnel file documents critically relevant to material issues in this case, and germane to depositions plaintiff had just completed on January 8, 2010.

By e-mails dated **November 19** and **November 22**, plaintiff had requested that certain personnel files be made available for her review.3 Acknowledging defendant's concerns regarding the security of these documents, plaintiff had even proposed reviewing the documents in a location of defendant's choosing. Yet, defendant had failed to permit an inspection of these documents until this Court's

---

2  By letter dated Feb 2, Defendant rejected Plaintiff's request of Jan 29, that defendant be responsible for any cost occasioned by a supplemental deposition of the initial three defense witnesses, arguing that defendant had produced many documents including some not covered by any request from plaintiff.  However, the issue is not the unsolicited files the defendant produced, but the critical documents defendant failed to produce after receiving **repeated** and **specific** request for those documents, and a Rule 30(b)(6) deposition notice duces tecum.  Def appeared more concerned about plaintiff's request that she receive a response from defendant by the end of business day on Jan 29.

3  These requests were made due to noticed deficiencies in defendant's responses to production request, deficiencies acknowledged by defendant. These requests were also made as a follow-up to defendant's October 2009 response to plaintiff's production request #3 which requested the personnel files of the two comparators in this case.  Defendant

Order of January 11, 2010, granting sanctions against counsel for defendant. Prior to the Court's order, defendant's counsel had characterized all missing documents about which plaintiff complained as having no "meaning to this case..." and that they contain "no substantive data at all." (Response at 3).

Plaintiff argued then that it appeared that defendant's counsel was bothered by plaintiff's request for full disclosure, and that counsel for defendant takes the position that the rules of discovery do not apply to him, and that he can simply decide for his opponent whether something has value or not. Defendant's counsel asserted in his response to the first sanctions motion that "it also offered to discuss inspection of the files with Plaintiff's counsel in the event that he still had concerns relative to the issues that he raised." (*Id*. at 4). Plaintiff had made a specific request of defendant to set a time and date for an inspection of the files at issue, not a request to discuss defendant's views relative to the files. However, following this Court's Order on sanctions, the defendant finally allowed a review of the repeatedly requested personnel files and documents used in salary determinations for plaintiff and her comparators.4

The previously unproduced documents uncovered during this review have substantial bearing on critical elements of plaintiff's case. For instance, one of the

---

had responded the files would be produced "at a mutually convenient time and place...". (Exhibit C).
4 Defendant also produced over 50 documents relating to interviews and salary calculations, some of which had

documents is a Personnel Action Form providing for three (3) weeks of vacation for a comparator, while plaintiff only received two weeks vacation.5 It is important to note that an equal pay violation or discriminatory salary claim covers fringe benefits as well as actual wages paid. 42 U.S.C. sec. 2000e. Defendant's calculated delay in making a disclosure of this and similar documents has now placed the burden on plaintiff to retake the depositions of Ritter, O'Brien and Roberson, the same three witnesses plaintiff had been seeking to examine for over four months.

      This motion is premised on the court's inherent authority to sanction counsel for dilatory conduct, Rule 37 of the Federal Rules of Civil Procedure, which controls in the event a party fails to cooperate in discovery, and the party seeking discovery has to move the court for assistance in obtaining the discovery sought, (Rule 37(a)(1)), and upon 28 U.S.C. § 1927, which provides, in pertinent part, that "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See *Cordoba v. Dillard's, Inc*. 419 F.3d 1169, 1178 (11th Cir. 2005); *Amlong &*

---

previously been produced.
5 Interestingly, the extended vacation award came **after** comparator was placed on a job performance improvement plan. Also, defendant had even failed to produce a copy of the comparator's job performance improvement plan, which, like the personnel action notices, is clearly a part of Roberson's personnel file.

*Amlong, P.A. v. Denny's, Inc*. 500 F.3d 1230, 1237 (11th Cir. 2007) (noting the district court's inherent power in sanctioning counsel's poor behavior).

Defendant had argued that plaintiff's first motion was unnecessary and without merit. However, defendant's recent disclosure not only verifies the necessity of plaintiff's first motion for sanctions, but also fully justifies this second motion. It is now clear that not only was defendant misleading plaintiff regarding document production but blatantly misleading the Court as to its behavior and the relative value of the materials it was withholding, while claiming full disclosure with a few inadvertent lapses. Defendant's actions to-date makes clear that plaintiff cannot rely upon any representation made by defendant regarding discovery.

Defense counsel's statement in his response to plaintiff's first motion, that "The universe for depositions in this matter is relatively limited," rings true when viewed in conjunction with counsel's slight of hand in providing requested documents. Defense counsel apparently presumes that this case is to proceed on the basis of what he deems necessary and important, while at the same time causing plaintiff to expend additional time, effort, and funds, while delaying resolution of this matter.

The primary concern of § 1927 is to limit the abuse of court processes, particularly abuses connected with pre-trial discovery. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 n. 4, 100 S.Ct. 2455, 2459 n. 4, 65 L.Ed.2d 488 (1980). The

statute imposes three essential requirements for an award of sanctions under § 1927:

First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir.1997).

An attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute only when the attorney's conduct is so egregious that it is "tantamount to bad faith." *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991); *see also Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003). For purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. *Amlong & Amlong, P.A. v. Denny's, Inc.*, *supra* 500 F.3d 1239-1240. According to the *Amlong* court**:**

"….it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term **"**vexatiously" similarly requires an evaluation of the attorney's objective conduct.. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (noting, in the course of interpreting 42 U.S.C. § 2000e-5(k), that "the term `vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite "….it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. The term "unreasonably" necessarily connotes that the district court must

compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term **"vexatiously"** similarly requires requisite to a fee award against him"), *Black's Law Dictionary* 1596 (8th ed.2004) (defining "vexatious" as "without reasonable or probable cause or excuse; harassing; annoying").

*Id.* 500 F.3d 1230.

In this instance, it is clear that defendant's conduct has been vexatious. The 20 pages previously unproduced documents were found among the contents of a personnel file not only requested by plaintiff through requests for production, but also among personnel files containing less than twenty-five pages each. Any claim that defendant's failure to produce these critical documents was due to m mere inadvertence, from such a relatively small store of documents strains credulity, and is so egregious that it is "tantamount to bad faith."

This latest discovery failure will also force plaintiff to retake the depositions of witnesses previously examined by plaintiff only a few weeks ago. The additional costs and expense occasioned by defendant's failure to produce these documents should not be borne by plaintiff alone. Particularly due to defendant counsel's affirmative assertion during the deposition of the defendant's Rule 30(b)(6) representative that *"[E]verything he (Ritter) has looked at, you have*

*in discovery.*" (Ritter depo. at page 30). This statement followed a series of "I don't remember", or, I couldn't tell you from memory" responses from the deponent:

**Q**. Well, let's go back then. What was the salary range that Ms. Redmann was working off of?

**A**. I couldn't tell you from memory. I'd have to look at the documents.

**Q**. **Well, that's what we asked you to do.**

**A**. I have. I remember a lot of information. I don't want to remember it incorrectly. If it's in the documents, then the information is there. If you'd like for me to look at the document, I could speak to that.

**Q**. What document?

**A**. You just said these are the documents.

**Q**. No. I meant deposition notice ... indicating that's what we asked you to do.

...

**Q**. To look at all the facts that were considered and applied in arriving at the salaries.

**A**. Sure.

**Mr. Appleby: You didn't ask him to memorize them.**

**A**. Well, that's my point. I didn't memorize everything. There's a lot of information involved here. I didn't try to remember everybody's background, previous, current salaries because my fear would be that I would remember it incorrectly.

**Q**. No. **But the simplest thing would be to bring the information that you have relied upon so you can testify on behalf of the company without us having to adjourn or come back and pick up at some later point.**

**Mr. Appleby**: *Everything he has looked at, you have in discovery*.

**Mr. Williams**: If you'd like to make an objection, that's fine. We don't have talking objections.

**Mr. Appleby**: I am trying to explain to you why he didn't bring documents. That's all I'm trying to do.6

(Ritter deposition at 28-30).

Not only did defendant fail to comply with a duly issued notice of deposition *duces tecum*, requesting that certain documents be produced at the deposition, but we now know that counsel's statement that all documents reviewed have been produced in discovery is false.7

For these reasons, an appropriate order assessing sanctions is due to be issued against the defendant and/or its counsel for a second time, with a part of the sanctions being the requirement that defendant bear the cost of a supplemental deposition of the initial three witnesses, and attorney time expended conducting depositions at a time when defendant's counsel knew or should have known that all requested documents had not been produced, and that he knowingly failed to bring requested documents to the Rule 30(b)(6) deposition of January 8, 2010.

---

6  The Rule 30(b)(6) notice of deposition specifically requested the deponent to bring to the deposition, copies of all documents ... used and/or consulted in setting the starting salary of all person hired as Lead Operations Controller ... (Exhibit C).

7 Defendant counsel's bad faith is also evidenced by his attempt to depose plaintiff a week later using documents that also had not been produced to plaintiff as requested.

Respectfully submitted,

S/Ronnie L. Williams
**Williams & Associates, LLC**
Attorneys for Plaintiff Regina White
814 St. Francis Street
Mobile, Alabama 36602
(251) 432-6985   (251) 432-6987 - Fax

## **CERTIFICATE OF SERVICE**

By affixing his signature, the undersigned hereby certifies that he has served a true and correct copy of the foregoing Second Motion For Sanctions on counsel for Defendant by use of the court's electronic filing system, on this 8th day of February 2010, as follows:

R. Bradley Adams, Esq., Gavin Appleby, Esq., and Kelly Reese, Esq.
Littler Mendelson, PC

S/Ronnie L. Williams