# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

REGINA WHITE,

    Plaintiff,

v.

THYSSENKRUPP STEEL USA,
LLC,

    Defendant.

CASE NO.

1:09-cv-00286-WS-N

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS FOR FAILURE TO COOPERATE IN DISCOVERY

Defendant ThyssenKrupp Steel USA, LLC ("TKS USA" or "Defendant") respectfully submits its Response In Opposition To Plaintiff's Second Motion For Sanctions For Failure To Cooperate in Discovery ("Motion"). For the reasons explained below, Plaintiff's motion should be denied in its entirety.

## I.  INTRODUCTION

In the wake of the Magistrate Judge's prior order on discovery issues, counsel for TKS USA has sincerely sought to avoid discovery disputes and further motion battles. TKS USA (1) has produced a number of documents that Plaintiff had not requested through a request for production, (2) plans to

provide additional documents in response to subpoenas of corporate agents and a corporate representative upon six days' notice,[1] permitting Plaintiff to forego the normal need to seek such documents through written discovery (and a 30-day time period), and (3) has worked to ensure that depositions were scheduled without dispute. Further, TKS USA has suggested that scheduling a conference with the Magistrate would be simpler and less costly than additional motions. Nevertheless, Plaintiff's counsel accuses TKS USA and its counsel of engaging in misconduct of the most egregious sort. See generally Plaintiff's Second Motion for Sanctions Against the Defendant and/or Defendant's Counsel for Failure to Cooperate in Discovery ("Motion for Sanctions") p. 4 (accusing Defendant of "calculated delay in making disclosures") p. 5 (accusing Defendant of "misleading plaintiff regarding document production" and "blatantly misleading the Court as to its behavior") p. 5 (accusing defense counsel of "slight of the hand in providing requested documents") p. 7 (accusing Defendant of "vexatious" and "egregious" misconduct) p. 9, n. 7 (accusing defense counsel of bad faith). For the reasons explained below, neither Defendant

---

[1] As explained herein, the document requests submitted with the most recent deposition notices for February 18 (for Andy Ritter, Eileen O'Brien and Janet Roberson) are broader than the previous ones.

nor its counsel have engaged in abusive discovery practices or bad faith, and

Plaintiff's Motion for Sanctions should be denied.

## II.   FACTUAL BACKGROUND RELATED TO THE MOTION

### A.   The extent of Plaintiff's prior discovery requests.

On January 20, 2010, Plaintiff's counsel sent a letter to defense

counsel regarding Defendant's document production.    In that letter,

Plaintiff's counsel requested a date to "review the personnel files of *all three*

*LOCs*."[2]  Plaintiff's counsel asserted "that Plaintiff has repeatedly requested

*all documents use[d] during the hiring process for all three Lead*

*Operations Controllers (LOC)* hired in 2008 . . . I am *again* requesting

*every document*, including handwritten notes, that were *used during any*

*stage of the hiring process* involving the three LOCs."[3]  Plaintiff's actual

requests for production, however, do not support that assertion.  Request No.

3 of Plaintiff's First Set of Requests for Production of Documents[4] states:

"Please produce the personnel files of the two white female controllers who

received higher salaries than Plaintiff upon being hired in late 2008."  (See

Ex. B RFP ¶ 3).  Plaintiff did not request production of her own personnel

---

[2] "LOC" stands for Lead Operations Controllers.  One of the three Lead Operations Controllers ("LOC") is Plaintiff, Regina White.

[3] A copy of Plaintiff's counsel's letter of January 20, 2010 is attached as Exhibit A.

[4] A copy of Plaintiff's First Set of Requests for Production of Documents is attached as Exhibit B.

file through a document request. Similarly, Plaintiff's Request No. 4 states: "Produce all company policies, guidelines or other written materials utilized by hiring officials in setting salaries for newly hired controllers." (See Ex. B, RFP ¶ 4) (emphasis added). It does not broadly request "all documents used during the hiring process for all three Lead Operations Controllers (LOC) hired in 2008," as stated in Plaintiff's counsel's letter. Notwithstanding the more limited scope of Plaintiff's actual requests for production, in an effort to avoid further discovery disputes, on January 25, Defendant voluntarily made available, in addition to the personnel files of Cecilia Estes and Ms. Roberson, the personnel file of Plaintiff as well as the interview files for all three of these LOCs.[5]

**B.     The documents inadvertently not contained in the files.**

As noted above, the personnel files of Ms. Estes and Ms. Roberson were requested by Plaintiff and were timely produced. However, about 20 documents have been added to those files since they were produced on September 25, 2009. Until a few days before the January 25 meeting, Defense counsel was unaware of the addition of those documents to the

_____

[5] Up until a few days before that time, defense counsel was unaware of the existence of the interview files. Indeed, given the nature of Plaintiff's actual requests, defense counsel had not sought such files from Defendant. (Defendant had, however, previously produced some of the documents contained in them).

personnel files. Upon discovering that fact, Defendant's counsel produced the documents and investigated why they had not been produced earlier.

Investigation revealed the following: (1) Ms. Roberson and Ms. Estes are current employees, and while counsel had requested their personnel files for disclosure in September, some documents had not found their way to the files at that time, (2) the exact timing of these documents being added to the files is uncertain, but TKS USA was, during the later part of 2009, undergoing personnel file audits aimed at ensuring that personnel files were updated and consistent with TKS USA's new employee database, and (3) during the same general time period, TKS USA was hiring at a rapid rate of approximately 100 employees per month, resulting in delays in updating personnel files. See Declaration of Andy Ritter.[6]

Defense counsel, upon learning of the above facts, did not hide the files or attempt to prevent discovery of the documents. In fact, defense counsel learned of the documents only when it received new copies of the two personnel files on the Friday before Plaintiff's counsel's inspection on Monday, January 25, 2010. Defense counsel informed Plaintiff's counsel of

---

[6] A copy of the Declaration of Andy Ritter, Vice President Human Resources TKS USA is attached as Exhibit C. That declaration more fully explains the more recent production of certain personnel documents for Janet Roberson and Cecilia Estes.

the new documents at the time he reviewed the files. Further, during a follow-up telephone conference among counsel on January 27, 2010, defense counsel voluntarily agreed to make Eileen O'Brien, Janet Roberson and Andy Ritter available for supplemental depositions to address any issues relating to the documents in question. At that time, Plaintiff's counsel did not raise the issue of Defendant bearing the costs and fees for the follow up depositions. On Friday, January 29, however, Plaintiff's counsel sent defense counsel a letter at approximately 1:45 p.m. demanding that Defendant pay the costs associated with the follow up depositions of the defense witnesses. He also demanded that Defendant provide him with a response by the close of business that day (See Motion Ex. A).

Defendant responded by email that same day stating that it needed more than the allotted 3 hours and 15 minutes to discuss the issue with Defendant. On Tuesday, February 2, defense counsel wrote Plaintiff's counsel again, addressing the issue in detail and suggesting that if counsel were not able to resolve the matter, they should seek a status conference with the Court rather than engaging in another costly motion battle. Plaintiff's counsel never responded to that offer except to file the instant motion.

## III.  ANALYSIS

### A.  Defense Counsel Was Unaware that Additional Documents Were Added to the Personnel Files and Had Provided Plaintiff with Complete Copies of the Same Files that Defense Counsel Possessed.

Defense counsel has neither engaged in discovery abuses nor made misrepresentations to Plaintiff's counsel or the Court, as Plaintiff contends.[7] As explained above, the additional documents that were contained in the personnel files of Ms. Estes and Ms. Roberson were added to those files after Defendant's production on September 24, 2009.  While defense counsel is unable to identify the specific dates when each of these documents was added to the files of these employees, counsel only learned a very short time before Plaintiff's counsel reviewed the files that the

---

[7] As noted previously in connection with Plaintiff's first motion for sanctions, Plaintiff's counsel evidently does not hold himself to the same discovery standards that he projects on defense counsel.  For example, in addition to providing Defendant with untimely responses to all of Defendant's initial written discovery, he has still provided no response at all to Defendant's Request for Production No. 16, even after defense counsel sent him a letter pointing out the omission in October 2009.  A copy of Plaintiff's Response to Defendant's First Request for Production is attached as Exhibit D.  In contrast to Plaintiff's counsel, rather than suggesting that Plaintiff's omission was intentional, defense counsel indicated that it assumed the omission was an oversight.  See letter of October 9, 2009 from Adams to Williams, attached as Exhibit E. In any event, Plaintiff's counsel never provided any response to that letter or a response to Request No. 16. Similarly, Defendant has also failed to provide Plaintiff with a copy of the documents requested in Defendant Requests for Production No. 6, even though Plaintiff did not object to that request and indeed indicated that a response would be forthcoming.

documents had been added. Defense counsel explained to Plaintiff's counsel at the time of their meeting on January 25 of the additional documents.

Despite the foregoing, Plaintiff asserts in his Second Motion for Sanctions that "defendant's counsel has characterized all missing documents about which plaintiff complained as having 'no meaning to this case. . .' and that they contain 'no substantive data at all.'" (Motion p. 2). Plaintiff takes this statement completely out of context in order to support his argument that defense counsel misled the Court. As is very clearly reflected in Defendant's prior responsive brief, defense counsel's statement refers only to two specific documents that were previously discovered to have been inadvertently omitted from the personnel files of Ms. Estes and Ms. Roberson. (See Doc. #33 pp. 14-17). At the time of such statement, defense counsel was unaware that other documents had been added to those personnel files. Plaintiff's counsel has offered absolutely no basis for his purported belief that defense counsel knew that additional documents had been added to the personnel files and intentionally withheld those documents with an intent to mislead him and the Court. Such an assertion is completely false.

**B.    Plaintiff Greatly Overstates the Importance of the Documents Later Discovered in the Personnel Files of Ms. Estes and Ms. Roberson.**

Defendant concedes that the documents later added to the personnel files of Ms. Estes and Ms. Roberson are responsive to Plaintiff's Requests for Production and does not, as Plaintiff suggests, seek to unilaterally dictate what documents are meaningful to Plaintiff's case in connection with its document production.  For that reason, defense counsel affirmatively made Plaintiff's counsel aware of the documents and did not seek to hide them. Plaintiff nevertheless argues that the Court should infer bad faith based on the purported importance of such documents.  To provide context related to the new documents, the Court should consider the fact that Plaintiff's sole claim is pay discrimination based on a comparison of her initial salary with those of Ms. Roberson and Ms. Estes (the two employees whose files are in question). The documents more recently produced from Ms. Roberson's personnel file do not relate to initial salaries.  Rather, with regard to Ms. Roberson's file, for example, they consist of a personnel action form reflecting Ms. Roberson's receipt of three weeks of vacation and a performance improvement plan which was completed in 2009.  While the issue of vacation is relevant to this case, Defendant has never disputed that

Ms. Roberson was given three weeks of vacation. Indeed, in its response to Plaintiff First Set of Interrogatories, Defendant stated in pertinent part:

> Defendant responds that Ms. Roberson and Ms. Estes received three weeks per year of vacation when they were hired to work for TKS USA, whereas Plaintiff received two weeks of vacation per year when she was hired.

(See Defendant's Responses to Plaintiff's First Set of Interrogatories No. 8).[8] In light of this admission made in September 2009, the personnel action form in question is clearly not "critical" to Plaintiff's case but rather is cumulative.

Further, while Plaintiff's counsel insists that it is imperative that he re-depose all three previously deposed witnesses regarding the personnel documents (and Defendant has agreed to these supplemental depositions), it is notable that during Ms. Roberson's deposition, he only examined her regarding *one* document, and that document was obtained through a subpoena to Ms. Roberson's prior employer, Kemira Water and related to her pay at Kemira. Plaintiff's counsel did not examine Ms. Roberson regarding *any* of the numerous personnel documents that had already been produced by Defendant. Similarly, during Ms. O'Brien's deposition,

---

[8] A copy of the pertinent portion of Defendant's responses to Plaintiff's First Set of Interrogatories is attached as Exhibit F.

Plaintiff's counsel only examined her regarding *two* documents and, as with Ms. Roberson, the documents were produced by Kemira Water and related to pay at Kemira. Plaintiff's counsel did not examine her regarding any of the personnel and other documents that had been produced by Defendant in this case.

### C. Defendant Had Already Produced the Documents Sought in Plaintiff's Notice of 30(b)(6) Duces Tecum.

In further support of her motion for sanctions, Plaintiff claims that, "[n]ot only did defendant fail to comply with a duly issued notice of deposition *duces tecum*, requesting that certain documents be produced at the deposition, but we now know that counsel's statement that all documents reviewed have been produced in discovery is false." (Motion p. 9). Importantly, however, Plaintiff fails to distinguish between personnel documents for Janet Roberson and Cecilia Estes and documents that were produced in response to Plaintiff's discovery request regarding documents relied upon in making the pay decision at issue in this case. Plaintiff had, at the time of the Rule 30(b)(6) deposition, the documents requested in the *duces tecum*[9] regarding setting pay for Lead Operations Controllers, and

---

[9] A copy of the Rule 30(b) (6) Notice of Deposition Duces Tecum is attached as Exhibit G.

Defendant does not understand Plaintiff to be disputing that fact. In its proper context, defense counsel's statement that "Everything he has looked at, you have in discovery" was not intended to literally apply to every single document Mr. Ritter has ever reviewed. The actual question on the table during that part of the deposition related to "facts that were considered and applied in arriving at the salaries," and that is what documents defense counsel was referencing. Indeed, in response to Request for Production No. 4, Defendant previously produced the following documents that relate to setting salaries:

| | |
|---|---|
| D00006 | Picard Salary Offer Analysis for Project Controller |
| D00007-00008 | Summary Report: Multiple Jobs (analysis) – 5/1/08 |
| D00009 | White Salary Offer Analysis for Lead Operations Controller |
| D00010 | Hybrid Report: Multiple Job (analysis) – 6/1/08 |
| D00011 | Roberson Salary Offer Analysis for Lead Operations Controller |
| D00012 | CompAnalyst – Summary Report: Single Job – 9/1/08 |
| D00013 | CompAnalyst – Summary Report: Single Job |
| D00014 | Organization of Finance/Purchasing |
| D00015 | Estes Salary Offer Analysis for Lead Operations Controller |
| D00016 | CompAnalyst – Summary Report: Single Job |
| D00017 | Organization of Finance/Purchasing |

| D00018 | Salary Offer Analysis for Terrell Grant |
| D00019 | Organization of Finance/Purchasing |
| D00020 | Grant Salary Offer Analysis for Lead Project Controller |
| D00021 | Lewis Salary Offer Analysis for Controller |
| D00022 | Wok Salary Offer Analysis for Lead Project Controller |
| D00023-00024 | Wok Exempt Phone Screen for Project Controller |
| D00025 | Organization of Finance/Purchasing |

Defendant has also provided detailed responses to eight separate interrogatories which all relate to the pay decisions at issue.

Further, this portion of Plaintiff's motion presumes an obligation on the part of a corporate witness to bring duplicate copies of documents previously produced to a deposition. Request No. 4 states:

> Produce all company policies, guidelines or other written materials utilized by hiring officials in setting salaries for newly hired controllers.

Similarly, Plaintiff's Rule 30(b)(6) Notice of Deposition Duces Tecum states:

> Deponent is requested to bring to the deposition, copies of all documents, manuals, hand books, How-To-Guides, and items received from background and reference checks, and from former employers used and/or consulted in setting the starting salary of all person hired as a Lead Operations Controller at the Defendant's Mobile County plant from January 1, 2008, through July 31, 2009;

While concededly not identical, both of these requests call for production of documents relied upon in setting starting salaries for controllers. As explained above, such documents were produced prior to Mr. Ritter's deposition as were "background and reference check" documents for Ms. Roberson and Ms. Estes as additionally requested in the *duces tecum*. Despite that, during the deposition (which was conducted at the offices of *Plaintiff's* counsel), Plaintiff's counsel could have readily provided Mr. Ritter with copies of any of the documents previously produced in response to Request No. 4 and examined him regarding such documents.[10] Plaintiff fails to cite any rule or case supporting an obligation on the part of a party to produce documents in a cumulative manner, i.e., produce documents in response to requests for production and then later provide the same documents in response to a *duces tecum*.[11] See Canal Barge Co. v.

---

[10] In fact, Plaintiff's counsel did examine Mr. Ritter regarding several previously produced documents regarding the pay decisions at issue. Plaintiff's counsel neglects to mention that right after the exchange he quotes at length at pp. 7-9 of the Motion, Mr. Ritter reviewed the documents in Plaintiff counsel's possession that Defendant had previously produced and identified specific documents relating to the pay decisions at issue. (Copies of relevant portions of the transcript from the Rule 30(b)(6) deposition are attached as Composite Exhibit H; pp. 30-33).

[11] Such a requirement would make little sense and is not supported by the Comments to Rule 30(b) which state, in relevant part, "Whether production of documents or things should be obtained directly under Rule 34 *or* at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination,

Commonwealth Edison Co.,[12] 2001 U.S. Dist. LEXIS 10097, * 14 (N.D. Ill. July 18, 2001) (concluding that the plaintiff was "not required [to] bring any new documents to the deposition which it ha[d] already produced to [the defendant]").

Plaintiff further makes a vague allegation in a footnote that "Defendant counsel's bad faith is also evidenced by his attempt to depose plaintiff a week later using documents that also had not been produced to plaintiff as requested." (Motion p. 9, n. 7). Plaintiff neither identifies the document nor the specific request for production to which the document was purportedly responsive. When Plaintiff raised this issue previously, however, defense counsel pointed out (as explained above) that Plaintiff's requests for production were not nearly as broad as he has repeatedly contended and the document in question was responsive to no specific request propounded by Plaintiff. Nonetheless, in order to avoid a dispute over the issue, Defendant simply produced that document and a number of

---

ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rule 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone." Fed. R. Civ. P. 30(b), Notes of Advisory Committee on 1970 Amendments. Here, since the documents sought had already been produced pursuant to Rule 34, Plaintiff was not entitled to a second, duplicative production pursuant to the *duces tecum*.

[12] A copy of this and all other unpublished decision cited herein are attached as Exhibit I.

similar and related documents by producing interview files for Plaintiff, Ms.

Estes and Ms. Roberson. Despite defense counsel's efforts in this regard,

Plaintiff's counsel persists in arguing that Defendant's failure to produce the

document earlier was the product of bad faith.

### D. Defendant's Efforts to Schedule the Remaining Depositions that Plaintiff Seeks Have Been Met With Inconsistent and Unreasonable Responses from Plaintiff's Counsel.

In the wake of the Court's imposition of sanctions against Defendant

and its counsel, defense counsel has been especially diligent in trying to

comply with any discovery obligations. Plaintiff, however, has responded to

those efforts in erratic and unreasonable ways. For example, on a

conference call held January 27, 2010, Plaintiff expressed that he wanted to

depose Markus Boening and Cecilia Estes as well as former TKS USA

employees, Joyce Redmond and Shilpa Burkett.[13] Plaintiff's counsel also

---

[13] At that time, counsel for Defendant stated that he would try to contact Ms. Burkett and Ms. Redmond to facilitate scheduling their depositions. On January 28, defense counsel informed Plaintiff's counsel that Ms. Burkett was checking her availability for February 18 (a date discussed by counsel) but had generally expressed a need to be deposed in the evening due to her work situation. In response to defense counsel's inquiry as to whether that would be a problem, Plaintiff's counsel responded that he did not think an evening deposition would be problematic. (The emails exchanged by counsel on this issue are attached as Exhibit J). Defense counsel later set up Ms. Burkett's deposition for February 18 at 6:00 p.m. and notified Plaintiff's counsel of same by letter of February 2, 2010. (See Motion Ex. B). Defense counsel also noted in that letter, "I expect that Ms. Burkett will wish to receive subpoenas, but I am happy to assist in providing service in an informal manner." (See Motion Ex. B). On February 5, defense counsel again noted in

expressed that he wanted to re-depose Mr. Ritter, Ms. O'Brien and Ms. Roberson.

Subsequently, as reflected in the attached excerpts from counsel's emails and letters, [14] Plaintiff's counsel initially made it abundantly clear that he wanted to depose Mr. Ritter, Ms. O'Brien and Ms. Roberson on February 18 before deposing any other witness after which he would depose Mr. Boening and Ms. Estes (and Ms. Burkett) on the same day and that this was possible because Plaintiff's counsel's deposition are typically very short and the first three were mere follow up depositions. By February 10, however, after defense counsel had arranged to have all six witnesses available and had numerous communications with Plaintiff's counsel about the scheduling, Plaintiff's counsel completely changed his position on the matter, indicating that he no longer believed he could depose Mr. Boening and Ms. Estes on February 18 and that he now expected that Mr. Ritter's re-deposition might well be lengthy. Significantly, nothing occurred between February 5 and February 10 that might explain why Plaintiff's counsel changed his mind

an email, that "Shilpa is also available that evening [on February 18]." Notwithstanding counsel's prior communications, Plaintiff's counsel inexplicably served Ms. Burkett with a subpoena (at her workplace) commanding her appearance for her deposition at 10:00 a.m. on February 18. Not surprisingly, TKS USA was contacted by Ms. Burkett who questioned whether it was necessary for her to be served at her new job and expressed concern that the deposition had not been set for the evening as previously discussed.

[14] These emails and letters are attached as composite Exhibit K.

about the expected length of the depositions, except his filing of the instant motion for sanctions seeking to have Defendant pay all costs associated with the re-depositions of Mr. Ritter, Ms. Estes and Ms. Roberson. Further, despite his asserted need to complete the depositions of Mr. Ritter, Ms. Roberson and Ms. O'Brien before deposing any other witnesses, Plaintiff most recently rescheduled Ms. Burkett's deposition to occur at 9:00 a.m. on February 18, before any of the defense witnesses who he previously deposed.

### E. The *Duces Tecums* for the Follow Up Deposition Are Broader Than the Original *Duces Tecums*.

Despite his asserted need to re-depose Mr. Ritter, Ms. O'Brien and Ms. Roberson to examine them regarding recently produced documents, Plaintiff's counsel evidently intends to use the follow up depositions as an opportunity to obtain documents that he has never before requested in discovery, and he presumably intends to question all previously deposed witnesses about such documents. The *duces tecum* for Mr. Ritter's follow up deposition requests "all e-mail messages sent and received regarding the hiring decisions and salary decisions relating to all LOC during the time period stated." Despite the fact that the supplemental deposition is for purposes only of questioning witnesses about the newly discovered

documents, the prior 30(b)(6) *duces tecum* did not include such a request.[15]
Similarly, the *duces tecum* for Ms. Roberson's follow up deposition requests
"any emails or written materials sent to or received from a TKS employee
regarding salary and vacation time at TKS," and the prior *duces tecum* for
her did not call for the production of such materials. In short, it appears that
Plaintiff's counsel's may wish to get a "second bite of the apple."

**F.    Sanctions Are Not Warranted**

Sanctions are not warranted under Section 1927 or based on the
inherent authority of the Court. For the reasons explained above, neither
Defendant nor its counsel have acted unreasonably or vexatiously and
certainly have not engaged in conduct "so egregious that it is tantamount to
bad faith." Far from seeking to multiply these proceedings, Defendant has
sought to cooperate with Plaintiff to resolve further discovery issues without
additional court intervention and to that end, has produced a number of
documents that were not responsive to Plaintiff's discovery requests and
voluntarily agreed to allow Plaintiff's counsel to re-depose all of its witness
based on its supplemental production of certain personnel documents.

---

[15] Copies of the previously issued and more recently issued deposition notices and *duces tecums* for Rule 30(b)(6) representative, Janet Roberson and Eileen O'Brien are attached as composite Exhibit L.

Indeed, defense counsel's last communication to Plaintiff's counsel regarding this situation specifically stated,

> I am hopeful that this letter satisfactorily resolves the concerns you have raised. In the event that it does not, I suggest that we jointly request a status conference with the Magistrate Judge to address any remaining issues. We are trying to ensure that we are complying with any and all discovery obligations, and it would make more sense to resolve any remaining issues through a working conference than engaging in a protracted motion battle over discovery. In all sincerity, we would rather resolve these problems on a non-contentious basis, which is why we have provided documents that were not actually sought in discovery and we volunteered to make Mr. Ritter and Ms. O'Brien available for a supplemental deposition.

(See Motion, Ex. B). Defense counsel would not have made such a suggestion if it sought to multiply these proceedings.

Sanctions under Rule 37 also are unwarranted here. Rule 37(d) provides for an award of sanctions under certain circumstances, including where a party "fails, after being served with proper notice, to appear for that person's deposition; or a party, after being properly served with . . . a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1). Here, Defendant made its witnesses available for their depositions prior to the Court's previous Order and freely agreed to make them available to be re-deposed regarding the supplemental

production.[16] Further, in addition to significant document production in this case, Defendant made the personnel files Plaintiff sought to inspect available to Plaintiff.[17] It only initially discouraged Plaintiff's counsel's review of the original files because, at the time, defense counsel had already provided Plaintiff with the entire contents of the personnel files that were in defense counsel's possession. See e.g., Pope v. Ungerer & Co., 49 F.R.D. 300, *303 (N.D. Ga. 1969) ("With respect to the request in Paragraph (3) (a), defendant asserts, and plaintiff has not denied, that all of the documents requested are in the possession of plaintiff, or that he has access to all of these documents. In the absence of a showing by plaintiff that these documents are not in his possession, or reasonably accessible to him, the court will not require defendant to produce them for his inspection and copying."). Defendant was not, as Plaintiff contends, trying to hide or withhold documents.

Finally, Defendant should not have to pay Plaintiff's attorneys fees and costs for conducting the follow up depositions of Mr. Ritter, Ms. O'Brien and Ms. Roberson. Had Plaintiff been provided with the approximately 20 personnel documents prior to their depositions, he would

---

[16] The depositions for Mr. Ritter, Ms. O'Brien and Ms. Roberson are set for February 18, 2010.
[17] At this time, Defendant does not understand Plaintiff to be asserting that there remain any documents that Defendant has not produced.

have had to spend the same amount of time examining the witnesses regarding the documents than as he would now. See, e.g., Murchison v. Gerber Prods. Co., 1996 U.S. Dist. LEXIS 20732, *4 (W.D. Mich. Sept. 13, 1996) ("many of defendant's costs for the continued deposition would have been incurred even if plaintiff had appropriately responded to the discovery request, so that her deposition could have been completed at one time. This Court cannot conclude that but for plaintiff's failure to comply with her discovery obligations, all of the costs which defendant now claims would not have been incurred."). Further, as he is also deposing Shilpa Burkett on February 18, Plaintiff's counsel would have had to retain a court reporter anyway. Thus, Plaintiff will not be prejudiced in any meaningful way. Further, as explained above, despite Plaintiff's counsel's assertion that his need to take these depositions was triggered by Defendant's supplemental production, Plaintiff's counsel did not previously examine Ms. Roberson, Ms. O'Brien or Mr. Ritter[18] regarding a single TKS USA personnel document and has broadened the scope of his *duces tecums* to request entirely new documents not previously requested. For these reasons, explained above, the Court should decline to award Plaintiff any fees and

---

[18] Plaintiff's counsel did, however, examine Mr. Ritter regarding a couple of the documents relating to setting salaries.

costs for the re-depositions. See, e.g., Pfau v. Coopers & Lybrand, 1992 U.S. Dist. LEXIS 3751, *8-9 (S.D. NY March 26, 1992) (denying sanctions under Section 1927 and finding that "most if not all of the additional questions posed by C & L's counsel during the continued deposition . . . would have been necessary even if plaintiff had provided the additional facts and documentation during or prior to her deposition. . . . I do not believe that defendant was substantially prejudiced by the . . . untimely production of documents. . . . Defendant's request for an award of fees and costs incurred as a result of the May depositions is therefore denied.").

For all of these reasons, Defendant respectfully requests that Plaintiff's Motion be denied in its entirety and the Court grant such other and additional relief as it deems proper.

Respectfully submitted,

s/R. Bradley Adams
R. Bradley Adams   ADAMR8742
LITTLER MENDELSON, PC
Riverview Plaza
63 South Royal Street, Suite 709
Mobile, Alabama 36602
Telephone: 251-432-2477
Email: radams@littler.com

Gavin S. Appleby
*Pro Hac Vice*
LITTLER MENDELSON, PC
3344 Peachtree Road, NE, Suite 1500
Atlanta, GA 30326-1803
Telephone: 404-760-3935
Fax: 404-233-2361
Email: *gappleby@littler.com*

**ATTORNEYS FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

REGINA WHITE,                          *
                                       *
     Plaintiff,          *          CASE NO.
                                       *
v.                                     *          1:09-cv-00286-WS-M
                                       *
THYSSENKRUPP STEEL USA,                *
LLC,                                   *
                                       *
     Defendant.          *

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2010, I electronically filed the foregoing **Defendant's Response In Opposition To Plaintiff's Second Motion For Sanctions For Failure To Cooperate in Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Ronnie L. Williams at   rwilliams@williams-llc.com.

                             *s/R. Bradley Adams*
                             R. Bradley Adams   ADAMR8742
                             Attorney for Defendant
                             LITTLER MENDELSON, PC
                             63 South Royal Street, Suite 709
                             Mobile, Alabama 36602
                             Telephone:  251-432-2477
                             *Email:*  radams@littler.com

Firmwide:94130147.1 059136.1011