# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGINA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0286-WS-N |
| ) | |
| THYSSENKRUPP STEEL USA, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Magistrate Judge entered an order granting the plaintiff's motion to compel and to impose sanctions. (Doc. 38). The defendant appeals only the sanctions component of the order. (Doc. 39).

The plaintiff filed her motion after several months of wrangling over the scheduling of depositions. The Magistrate Judge's order sets forth in some detail the written history of these maneuvers before concluding that "[e]ven a cursory review of the record reveals a pattern on the part of defendant's counsel to thwart every effort of plaintiff's counsel to schedule the depositions critical to plaintiff's case ...." (Doc. 38 at 12). The Magistrate Judge concluded that the reason counsel so behaved was to exhaust as much of the discovery period as possible and render it difficult for the plaintiff to conduct any follow-up discovery. (*Id*. at 12-13). The Magistrate Judge ordered that the defendant and two named counsel pay opposing counsel's reasonable costs and attorney's fees "as appropriate sanctions for their conduct in unnecessarily delaying and obstructing plaintiff's efforts to complete her discovery in this case." (*Id*. at 14).

"A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(a)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e).

The plaintiff requested a sanction of attorney's fees under the Magistrate Judge's inherent authority; 28 U.S.C. § 1927; and Federal Rule of Civil Procedure 37. (Doc. 34 at 1). The Magistrate Judge did not identify the source or sources on which she relied. However, by awarding sanctions based on the conduct of the defendant and named counsel "in unnecessarily delaying and obstructing plaintiff's efforts to complete her discovery," (Doc. 38 at 14), the Magistrate Judge invoked the language of Section 1927. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (Section 1927 sanctions require bad faith, and "[a] determination of bad faith is warranted where an attorney ... engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.") (internal quotes omitted). Sanctions imposed under inherent authority likewise must be supported by bad faith. *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001).

"An attorney under the threat of § 1927 sanctions is entitled to an evidentiary hearing." *Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1260-61 (11th Cir. 2007); *accord Amlong*, 500 F.3d at 1242. Similarly, when exercising inherent judicial authority, "attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *accord Peraplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1522 (11th Cir. 1986) ("We read the Court's language [in *Piper*] to require the district court to hold a hearing before the sanction of attorney's fees may be imposed."). The Magistrate Judge did not hold a hearing.[1]

Sanctions are available under Rule 37 in a variety of situations. With respect to

---

[1] The defendant pointed out the need for a hearing. (Doc. 37 at 6). The plaintiff suggests that a hearing is not always required, (Doc. 49 at 2-3), but the only cases she cites that may support this proposition are from other circuits and address Rule 11, not Section 1927 or inherent authority. The only cases she cites that do address these sources of power do not support the proposition suggested or provide grounds to ignore the Supreme Court and Eleventh Circuit precedents quoted in text.

depositions, Rule 37(d)(1)(A)(i) allows for sanctions if a party (or its officer, director, managing agent or corporate representative) "fails, after being served with proper notice, to appear for that person's deposition." While the plaintiff's motion concerned the scheduling of such depositions, the Magistrate Judge did not state that she found the requirements of Rule 37(d) satisfied or that she awarded attorney's fees on that basis.[2]

For the reasons set forth above, the Court cannot determine the basis of the Magistrate Judge's award of sanctions and thus cannot determine whether the award was clearly erroneous or contrary to law. Pursuant to Local Rule 72.3(e), this matter is **remanded** to the Magistrate Judge for further proceedings. Either party may appeal, consistent with governing law, the Magistrate Judge's amended, supplemental or superseding order concerning sanctions.[3]

DONE and ORDERED this 18th day of February, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]The defendant asserted before the Magistrate Judge that it was not "served with proper notice" and that the plaintiff failed to comply with the certification requirement of Rule 37(d)(1)(B). The Magistrate Judge's order does not address either issue.

[3]The defendant's motion for leave to file a reply brief, (Doc. 50), is **denied as moot**.