IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 09-00286-WS-N |
| | ) |
| THYSSENKRUPP STEEL USA, LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER

This action came for hearing on March 17, 2010 before the undersigned Magistrate Judge for reconsideration of the sanctions imposed on January 11, 2010 (doc. 38) pursuant to the District Court's remand (doc. 52)[1] and consideration of plaintiff's second motion for sanctions (doc. 46).  Present at the hearing were Ronnie Williams, Esq., counsel for plaintiff, and Gavin S. Appleby, Esq., and R. Bradley Adams, Esq., counsel for defendant.

In addition to the arguments of counsel presented at the hearing, the undersigned has carefully considered each of the parties' submissions on the issues (docs. 27, 33, 34, 37, 40, 46, 47, 51, 53, 54 and 55).  Based on such consideration, the undersigned concludes that the sanctions imposed on January 11, 2010, were appropriate under Rule 37(a)(5)(A).  The undersigned further finds that plaintiff's second motion for sanctions is due to be granted for the reasons stated herein..

---

[1] As noted in the District Judge's Order, defendant appealed only the sanctions component of the undersigned's January 11, 2010 order.

I.  Sanctions Imposed on January 11, 2010.

For the reasons stated in the Order of January 11, 2010 (doc. 38), it remains clear to the undersigned that, "despite the numerous attempts by plaintiff's counsel to obtain dates convenient to the defendant, its employees and its Rule 30(b)(6) representative, defendant's counsel never provided any firm date until perhaps December 8, 2009, and also rescinded, often at the last minute, the merely tentative dates defendant's counsel managed to provide to plaintiff." *See*, Doc. 38 at 2-13 (record citations in original). Although TSK's counsel continues to assert that they never acted in bad faith, the Court need not accept or reject that premise as it is clear that counsel's conduct necessitated plaintiff's motion to compel, the motion was appropriately granted and such sanctions were mandated by Rule 37 (a)(5)(A) of the Federal Rules of Civil Procedure.  Plaintiff's counsel demonstrated his numerous good faith efforts to obtain the discovery at issue without court intervention while defendant failed to establish either that counsel's failure to provide any firm date until perhaps December 8, 2009, or to adhere to the prior tentative dates it gave to plaintiff's counsel, "was substantially justified" or that the imposition of sanctions was otherwise unjust. *See,* Doc. 38 at 2-13 and the record citations therein.

Rule 37 provides the following relief when a party's motion to compel is necessitated by an opposing party's failure to cooperate in discovery:

> If the motion [to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion is filed – the court **must**, after giving an opportunity to be heard, require the party

>or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred, including attorney's fees.  But the court must not order this payment if:
>
>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>(iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37 (a)(5)(A) (emphasis added).  Consequently, it is **ORDERED** that the Order entered on January 11, 2010 (doc. 38) is hereby **AMENDED** solely to clarify that the sanctions imposed therein are awarded pursuant to Rule 37.  *See* Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 208 (1999)("Rule 37(a) . . . was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process" and its amendment in 1970, which made it mandatory to impose sanctions unless the court found that the losing party 's conduct was "substantially justified," was designed "to encourage the awarding of expenses and fees wherever applicable.").  *See also* Hill v. Emory University, 346 Fed.Appx. 390, 392 (11th Cir. 2009)( "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."); Washington v. M. Hanna Const. Inc., 299 Fed.Appx. 399, 402 (5th Cir. 2008)("[T]he imposition of reasonable attorney's fees as sanctions [upon granting motion to compel discover] was not an abuse of discetion.")

On January 25, 2010, plaintiff's counsel submitted his accounting (doc. 40) of the

fees and expenses incurred in connection with plaintiff's first motion to compel and for sanctions (doc. 27) as required by the undersigned.  On January 28, 2010, TSK filed a motion (doc. 42) to stay further proceedings pertaining to the imposition of costs and fees pending disposition of the appeal then before the District Judge.  Although the motion to stay was granted on January 29, 2010 (doc. 44), the order further provided that "in the event the subject order is affirmed by the District Judge, defendant shall, within ten (10) days, **SHOW CAUSE** why the fees and costs enumerated by plaintiff's counsel (doc. 40) are not reasonable; plaintiff may then reply within ten (10) days."  As noted herein, the order was remanded back to the undersigned on February 18, 2010 (doc. 52) for further proceedings, which are now completed.  Although defendant did not respond to the specific cost bill submitted by the plaintiff, it is **ORDERED** that the defendant must now **SHOW CAUSE** in writing by **no later than April 1, 2010**[2] why the fees and costs sought by plaintiff's counsel (doc. 40) in connection with plaintiff's first motion for sanctions (doc. 27) are not reasonable and that Plaintiff's counsel may reply by **no later than April 12, 2010,** at which time the Court will take the matter of those fees under submission.

## II.  Second Motion for Sanctions

At the hearing on March 17, 2010, the undersigned also heard argument from counsel relating to plaintiff's second motion for sanctions, filed February 8, 2010   (doc.

---

[2]  If the parties reach an agreement on the costs prior to this time, they should notify the chambers of the undersigned.

46), defendant's response in opposition (doc. 51) and plaintiff's reply (doc. 54).[3]  As grounds for the motion plaintiff maintains, in sum, that defendant failed to comply with a notice of deposition *duces tecum* by failing to produce requested documents at the time of the deposition of Andy Ritter, defendant's Rule 30(b)(6) representative.  As a result, plaintiff maintains that supplemental depositions of three witnesses, Andy Ritter as well as Eileen O'Brien, defendant's Human Resources Manager, and Janet Roberson, an alleged comparator, were required and seeks an order from the court directing defendant's to pay for those depositions along with attorneys fees.[4]  In response, defendant asserts, in sum, that plaintiff did not make a broad request for files; and, although approximately 20 documents were added to the files of Ms. Estes and Ms. Roberson *after* they were produced to plaintiff on September 25, 2009,[5] defense counsel were not made aware of the addition of the documents to the personnel files until a "few days before the January 25 meeting."  (Doc. 51 at pp. 4-5).  Although Defendant concedes that the documents were not produced, it continues to argue that the documents were withheld inadvertently.[6]

---

[3] Defendant's motion for leave to file a sur-reply (doc. 56) was denied in the order setting the hearing (doc. 57).  However, defendant was given the opportunity to make any and all arguments addressing the motion during the hearing

[4] As noted by counsel, these depositions were retaken on February 18, 2010.

[5] Defendant concedes that "the exact timing of these documents being added to the files is uncertain...." but maintains that the oversight was due, in part to a rapid rate of hiring during this period "resulting in delays in updating personnel files." (Doc. 51 at 5) Defendant also concedes that "the documents later added to the personnel files of Ms. Estes and Ms Roberson are responsive to Plaintiff's Requests for Production...." (Id. at p. 9)

[6] Counsel for defendant assured the court and plaintiff's counsel that they are now satisfied that all documents related to plaintiff's request for these individuals have now been

Defendant argues that, because the documents were withheld inadvertently, it should not have to pay Plaintiff's attorneys fees and costs for conducting the following up depositions because "[h]ad Plaintiff been provided with [the omitted documents] prior to their depositions, he would have had to spend the same amount of time examining the witnesses regarding the documents than as he would now." (Doc. 51 at pp. 21-22)[7] Defendant further notes that because plaintiff deposed Shilpa Burkett on the same day as the supplemental depositions, "counsel would have had to retain a court reporter anyway" and thus, "plaintiff will not be prejudiced in any meaningful way." (Id. at p. 22)

The undersigned must first observe that the attempt of defendant's counsel to divert responsibility for missing and withheld documents to their clients is problematic. As one federal district court which addressed this issue held:

> [T]rial counsel must exercise some degree of oversight to ensure that their client's employees are acting competently, diligently and ethically in order to fulfill their responsibility to the Court.
>
> The Court expects that any trial attorney appearing as counsel of record in this Court who receives a request for production of documents in a case such as this will formulate a plan of action which will ensure full and fair compliance with the request. Such a plan would include communicating with the client to identify the persons having responsibility for the matters which are the subject of the discovery request and all employees likely to have been the authors, recipients or custodians of documents falling within the

produced.

---

[7] Defendant's counsel further argued that, at the resumed depositions, plaintiff's counsel asked only a few questions about the newly produced documents. Plaintiff's counsel disputes that his questions did not arise by virtue of the newly disclosed evidence, even if not directly concerning the document itself.

> request. ***The plan should ensure that all such individuals are contacted and interviewed regarding their knowledge of the existence of any documents covered by the discovery request, and should include steps to ensure that all documents within their knowledge are retrieved.*** All documents received from the client should be reviewed by counsel to see whether they indicate the existence of other documents not retrieved or the existence of other individuals who might have documents, and ***there should be appropriate follow up***. Of course, the details of an appropriate document search will vary, depending upon the circumstances of the particular case, but in the abstract the Court believes these basic procedures should be employed by any careful and conscientious lawyer in every case.
>
> Here, trial counsel essentially abdicated all responsibility to the client's in-house counsel. ***At the very least, when plaintiff's counsel began complaining about the apparent incompleteness of the discovery documents and pointing to evidence of incompleteness, trial counsel should have established direct communication with defendant's employees who had responsibility for [the records being requested].***

<u>Bratka v. Anheuser-Busch Co., Inc.</u>, 164 F.R.D. 448, 461 (S.D. Ohio 1995)(emphasis added).  As applied to the case at bar, defendant's counsel has not demonstrated to the undersigned that they made any real effort to ensure that **<u>every</u>** employee of their client who was likely at any time to have been "the authors, recipients or custodians of the documents" at issue in this case were contacted and fully informed of their obligations to produce all relevant documents.

    In addition, although the undersigned agrees that a certain amount of the time associated with the supplemental depositions might have been spent during the initial deposition had plaintiff received the withheld documents prior to those initial depositions, it is impossible to say with any real certainty that such is true.   Consequently, the

undersigned will require each side to pay one-half of the costs associated with the actual taking of the three supplemental depositions of Ms. O'Brien, Ms. Roberson and Mr. Ritter. *See e.g.*, Preferred Care Partners Holding Corp. v. Humana, Inc., 2009 WL 982460 (S. D. Fla., April 09, 2009 )("Based on Humana's failure to produce these documents in a timely manner during the discovery period, PCP shall be permitted to conduct depositions of Thomas Payne and Amy Boone, regarding the issues raised by new information provided in Humana's supplemental production of documents. As a sanction to deter and punish Humana's breach of its discovery obligations, it shall bear the cost of these depositions at a mutually convenient time and location in Miami, Florida.").  The undersigned also finds no merit in the argument that no prejudice occurred simply because Burkett's deposition happened to take place on the same day as the supplemental depositions.

    For the reasons stated above, the undersigned concludes that plaintiff's second motion for sanctions (doc. 46) was justified and it is therefore **ORDERED** that this motion be and is hereby **GRANTED** in that:

    1.    Defendant and its counsel, specifically R. Bradley Adams and Gavin S. Appleby, as appropriate sanctions for their conduct in failing to insure that all relevant documents were produced prior to the depositions of Ms. O'Brien, Ms. Roberson and Mr. Ritter in this case, be and are hereby jointly **ORDERED** to **PAY** to plaintiff's counsel the reasonable costs and fees he and/or the plaintiff incurred in connection with this second motion for sanctions (doc. 46).  It is **FURTHER ORDERED** that plaintiff's counsel

submit an accounting of those fees and costs to the Court by **no later than April 1, 2010** and that Mr. Adams and Mr. Appleby **SHOW CAUSE** in writing by **no later than April 12, 2010** why the fees and costs sought by plaintiff's counsel are not reasonable. Plaintiff's counsel may reply to any response filed by Mr. Adams and Mr. Appleby by **no later than April 19, 2010,** at which time the Court will take the matter of fees related to the second motion for sanctions under submission.

  2. Defendant is hereby **ORDERED**, pursuant to Rule 37(d), to pay one-half of the costs associated with the actual taking of the three supplemental depositions of Ms. O'Brien, Ms. Roberson and Mr. Ritter, which the undersigned has found to have been necessitated by defendant's failure to produce all documents requested prior to the initial depositions of these deponents.  Plaintiff shall be responsible for the other half of such costs.

  **Done** this 24th day of March, 2010.

             /s/ KATHERINE P. NELSON
             UNITED STATES MAGISTRATE JUDGE