# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

REGINA WHITE,                                )
                                             )
     Plaintiff,     )
                                             )
v.                                           )   CIVIL ACTION 09-0286-WS-N
                                             )
THYSSENKRUPP STEEL USA, LLC,                 )
                                             )
     Defendant.     )

## ORDER

This matter is before the Court on the defendant's appeal of the Magistrate Judge's order granting the plaintiff's first motion for sanctions. (Doc. 65). The Magistrate Judge entered an order granting the motion. (Doc. 38). On appeal, the Court remanded to allow the Magistrate Judge to clarify the basis of her decision. (Doc. 52). The Magistrate Judge did so, (Doc. 60 at 1-4), and the defendant again appeals.

A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott v. Sanibel Development, LLC*, 2008 WL 2937804 at *5 (S.D. Ala. 2008) (citations and internal quotes omitted).

While the Court "must consider timely objections," an appellant "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). The Court's

review is thus limited to the challenges articulated by the defendant in its appeal. The defendant identifies three defects in the Magistrate Judge's order: (1) she did not address the defendant's argument that it did not receive proper notice of the December 1 depositions; (2) she did not address the defendant's argument that the plaintiff failed to certify her efforts to confer in good faith to resolve the dispute; and (3) the defendant engaged in meaningful efforts to schedule depositions, which renders an award of expenses unjust. The Court considers these objections in turn.

### A. Notice of Depositions.

The Magistrate Judge sanctioned the defendant pursuant to Federal Rule of Civil Procedure 37(a)(5). That rule provides that a court must not order payment of attorney's fees if "circumstances make an award of expenses unjust."

According to the defendant, the plaintiff provided only three business days notice of the December 1 depositions.[1] Rule 37(d) allows for sanctions based on a party's failure to appear for deposition "after being served with proper notice," and the defendant argues that three days notice does not constitute proper notice, eliminating the Magistrate Judge's authority to sanction it for non-appearance. This, it concludes, renders an award of expenses unjust. (Doc. 65 at 5-6, 8-9).

The problem is that the Magistrate Judge did not award fees based on failure to appear at deposition on December 1 but on the defendant's protracted failure to cooperate with the plaintiff in the scheduling of depositions of witnesses employed by the defendant and vital to the plaintiff's case. The plaintiff's motion requested sanctions based on both failure to appear and the defendant's "unwillingness to cooperate with plaintiff in completing discovery in this case," (Doc. 27 at 6), and the Magistrate Judge expressly noted this dual basis for the motion. (Doc. 38 at 1). She then expressed the focus of her

---

[1]The defendant concedes it received seven days notice but points out that four of these days constituted the Thanksgiving holiday weekend.

order in a single sentence: "The protestations of defendant's counsel about their willingness to cooperate with plaintiff with respect to the scheduling of his client's employees and Rule 30(b)(6) representative is not supported by the record." (*Id*.). On the contrary, she continued, "despite the numerous attempts by plaintiff's counsel to obtain dates convenient to the defendant, its employees and its Rule 30(b)(6) representative, defendant's counsel never provided any firm date until perhaps December 8, 2009, and also rescinded, often at the last minute, the merely tentative dates defendant's counsel managed to provide to plaintiff." (*Id*. at 1-2). This is not an indictment of a failure to appear at deposition but the summation of an extensive history of non-cooperation, which the succeeding ten pages catalog in unflattering detail. (*Id*. at 2-12).

Even when addressing the December 1 depositions — only one episode in a three-month saga of delay — the Magistrate Judge did not focus on the failure to appear but on counsel's resistance to the depositions even though he had recently noticed the plaintiff's deposition for December 1 and assured opposing counsel that the depositions sought by the plaintiff would precede her own. Nor was the Magistrate Judge impressed with the defendant's unamplified assertion that December 1 was "unworkable," especially in view of the facts that all three deponents were at work on December 1 and defense counsel himself had set aside December 1 to depose the plaintiff. (Doc. 38 at 8-11).

Any possible question concerning the basis of the Magistrate Judge's order was laid to rest in her more recent order, which expressly ties the sanctions to the defendant's prolonged failure to cooperate in scheduling depositions. (Doc. 60 at 2).

Because the Magistrate Judge did not award fees under Rule 37(d), her failure to address proper notice is immaterial, since any alleged lack of proper notice of the December 1 depositions could not possibly render her decision contrary to law.

**B. Certification**.

A motion for an order compelling discovery "must include a certification that the

movant has in good faith conferred or attempted to confer with the person or party failing to make ... discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The defendant complains that the plaintiff has conceded her failure to comply with this provision, (Doc. 65 at 10-11), but this is not correct. The plaintiff in her reply brief prior to the Magistrate Judge's ruling acknowledged her initial failure to include an express certification, (Doc. 34 at 1 n.1), but she corrected that omission in the same document. (*Id*. at 2). Nor was any such thaumaturgical incantation necessary, given that the body of the plaintiff's motion to compel, and the attached communications between counsel, thoroughly related her ongoing good faith efforts to obtain depositions without judicial intervention. The defendant offers no authority for the improbable proposition that this exhaustive account fails to satisfy the certification requirement, and the Court will not search for precedent to fill the gap.

The defendant similarly objects that the Magistrate Judge failed to address the question of certification. (Doc. 65 at 5, 10, 11). This is incorrect, as the Magistrate Judge expressly stated that "[p]laintiff's counsel demonstrated his numerous good faith efforts to obtain the discovery at issue without court intervention." (Doc. 60 at 2).

### C. Defense Conduct.

The defendant argues that the record reveals its "meaningful efforts to try to resolve the scheduling issue and address Plaintiff's concerns," and it concludes that this evidence reflects "circumstances [that] make an award of expenses unjust." (Doc. 65 at 7). The Magistrate Judge, however, did not find that the defendant engaged in meaningful efforts to schedule depositions. On the contrary, she found that, "despite the numerous attempts by plaintiff's counsel to obtain dates convenient to the defendant, its employees and its Rule 30(b)(6) representative, defendant's counsel never provided any firm date until perhaps December 8, 2009, and also rescinded, often at the last minute, the merely tentative dates defendant's counsel managed to provide to plaintiff." (Doc. 38 at

1-2). Moreover, she ruled that the defendant did not show its failure to engage in discovery was substantially justified. (Doc. 60 at 2). The defendant has not asserted that the Magistrate Judge's findings are clearly erroneous, and they plainly are not. With the Magistrate Judge's findings intact, the award is not unjust.

## CONCLUSION

For the reasons set forth above, the Magistrate Judge's order awarding fees and expenses is **affirmed**.

DONE and ORDERED this 20th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE