# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGINA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0286-WS-N |
| ) | |
| THYSSENKRUPP STEEL USA, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Magistrate Judge entered an order granting the plaintiff's second motion for sanctions. (Doc. 60 at 4-9). The defendant appeals that order. (Doc. 66). The order was based on the defendant's failure to provide certain relevant, requested documents in a timely manner, requiring a reconvening of certain depositions. The order directed the defendant to pay half the costs of the reconvened depositions. The order also directed the defendant and its counsel to pay the plaintiff's costs and attorney's fees incurred in connection with the second motion for sanctions. (*Id*. at 8-9). These sanctions were imposed pursuant to Rule 37. (*Id*. at 9).[1]

A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is

---

[1] This moots the defendant's argument that the sanctions cannot be sustained under 28 U.S.C. § 1927 or the court's inherent authority. (Doc. 66 at 6-8).

contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott v. Sanibel Development, LLC*, 2008 WL 2937804 at *5 (S.D. Ala. 2008) (citations and internal quotes omitted).

While the Court "must consider timely objections," an appellant "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). The Court's review is thus limited to the challenges articulated by the defendant in its appeal. The defendant identifies the following defects in the Magistrate Judge's order: (1) it is too opaque for review; (2) sanctions are not warranted because the defendant turned over the documents shortly after defense counsel realized they had not been provided; (3) sanctions are not permissible because the plaintiff did not certify that she had conferred in good faith prior to bringing the motion; and (4) sanctions are inappropriate because the plaintiff was not prejudiced by the tardy discovery and was affirmatively benefited by it. The Court considers these objections in turn.

### A. Statement of Reasons.

"[I]n cases involving the sanction power of Rule 37, the district court must clearly state its reasons so that meaningful review may be had on appeal." *Mutual Service Insurance Co. v. Frit Industries, Inc*., 358 F.3d 312, 326 (11th Cir. 2004) (internal quotes omitted). The defendant relies on *Frit Industries*, (Doc. 66 at 8-9), but there the trial court ruled "without discussion, by quoting the language of Rule 37(c)(2)." *Id*. Here, the Magistrate Judge provided over three pages of reasoning for her decision, and the defendant identifies no aspect of the order that is insufficiently developed to allow for review.

### B. Production of the Documents.

The defendant argues it should not be sanctioned because it acted promptly to produce the documents after realizing they had not been provided. (Doc. 66 at 10). The

defendant does not explain the significance of this fact. While its alacrity in correcting its omission once it was noticed by counsel may be commendable, it does not eliminate the harm to the plaintiff caused by not having the documents when she needed them — at the depositions of the defendant's employees.

Under Rule 37(d), on which the Magistrate Judge relied, she was directed to require the defendant "to pay the reasonable expenses, including attorney's fees, caused by the failure" to produce documents as requested, unless the failure to produce was substantially justified or other circumstances made such an award unjust. The defendant's argument could be relevant only if it were addressed to one of these exceptions to the presumption favoring an award to the plaintiff, yet the defendant invokes neither.

Even had the defendant articulated a legal argument, it would fail. Eventual production of requested documents cannot establish that the initial non-production was substantially justified. Nor could eventual production render an award unjust, since the increased expense to the plaintiff exists, due to the defendant's fault, regardless of how swiftly the defendant acted after realizing its error.

**C. Certification.**

The defendant argues that the plaintiff failed to include in her motion a certification that she had conferred in good faith in an effort to resolve without judicial intervention the dispute over payment for the reconvened depositions, as contemplated by Rules 37(a)(1) and 37(d)(1)(B). The defendant argues further that such failure is fatal to the plaintiff's motion for sanctions. (Doc. 66 at 10-14).

The trouble is that the defendant did not raise this argument in its brief before the Magistrate Judge. (Doc. 51). "In reviewing a magistrate judge's nondispositive ruling, this Court does not consider matters not placed before that judge." *Pigott*, 2008 WL

2937804 at *5 n.9 (internal quotes omitted);[2] *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").[3]  Because the defendant did not argue to the Magistrate Judge that the motion for sanctions was defective because the plaintiff did not provide a certification, the Court declines to entertain the argument on appeal from her ruling.[4]

**D.  Prejudice.**

The defendant argues the plaintiff was not prejudiced by reconvening the depositions because, had she had the missing documents at the initial depositions, she would have spent the same time then as she spent on the reconvened depositions.  (Doc. 66 at 14-15).  The defendant made the same argument to the Magistrate Judge, (Doc. 51 at 21-22), the Magistrate Judge rejected it, (Doc. 66 at 7), and the defendant has done

---

[2]*Accord Jesselson v. Outlet Associates Limited Partnership*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("Review of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate."); *Whittum v. Saginaw County*, 2005 WL 3271810 at *4 (E.D. Mich. 2005); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 211-12 (D.N.J. 1997); *Mitchell v. Consolidated Freightways Corp.*, 747 F. Supp. 1446, 1447 (M.D. Fla. 1990); *see also First Savings Bank v. U.S. Bancorp.*, 184 F.R.D. 363, 366 (D. Kan. 1998) (trial court may not receive additional evidence on review of nondispositive rulings).

[3]Although *Williams* was decided in the context of a report and recommendation, its reasoning applies equally here.  The *Williams* Court noted the negation of the efficiencies of referrals, and the possibility of gamesmanship, that would occur could litigants foist on district courts arguments and evidence they neglected to present to the magistrate judge. *Id*. at 1291-92. An adequate explanation for the failure might persuade the Court to consider a tardy argument despite these concerns, but the defendant offers none.

[4]It is theoretically possible the defendant presented a certification argument to the Magistrate Judge at the hearing she held on the motion for sanctions.  It was incumbent upon the defendant to assert and then demonstrate that it did so, and in the absence of such assertion and demonstration the Court will not speculate in the defendant's favor.

nothing to show that her finding based on that argument is clearly erroneous or contrary to law.

Instead, the defendant attempts to pad its argument with material it did not present to the Magistrate Judge. Thus, it claims the plaintiff was benefited by the reconvened depositions, both because it provided a vehicle for new subpoenas duces tecum that sought and obtained documents the plaintiff had not previously requested, and because the plaintiff used the reconvened the depositions to re-plow ground she had covered in the initial depositions. (Doc. 66 at 15-19). Even if the defendant could not have made these points in its brief in opposition (which was filed before the reconvened depositions occurred), it could have done so before the Magistrate Judge entered her ruling a full month after the reconvened depositions occurred. As with the defendant's belated certification argument, the Court will not consider an argument the defendant could have, but did not, present to the Magistrate Judge.

## CONCLUSION

For the reasons set forth above, the Magistrate Judge's order awarding fees and expenses is **affirmed**.

DONE and ORDERED this 20th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE